▪ CARL BROWNE, JR., an Infant by His Guardian ad Litem, MABEL BROWNE, Respondent, v. BROOKLYN EYE AND EAR HOSPITAL, Appellant, et al., Defendants.— In a medical malpractice action to recover damages for personal injuries, defendant Brooklyn Eye and Ear Hospital appeals from an order of the Supreme Court, Kings County, dated July 7, 1971, which granted plaintiff's motion to set aside a jury verdict in favor of said defendant, as against the weight of the evidence, and granted a new trial. Order reversed, without costs, motion denied and jury verdict reinstated. In our judgment, the verdict in favor of defendant was neither against the weight of the evidence nor improperly influenced by the charge of the trial court to the jury. Munder, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.

▪ In the Matter of RUFINO L. DIAZ, Respondent, v. CHARLES J. URSTADT, as Commissioner of the Office of Rent Administration, Division of Housing and Community Renewal, Appellant.— In a proceeding pursuant to article 78 of the CPLR to review a determination of the Commissioner of the Office of Rent Administration, Division of Housing and Community Renewal, dated May 7, 1971, which denied petitioner-landlord's protest against, and affirmed, an order of the Local Rent Administrator of the White Plains Local Rent Office, dated October 21, 1970, denying petitioner's application for a certificate of eviction, the appeal is from an order of the Supreme Court, Westchester County, entered December 20, 1971, which annulled the determination and remitted the proceeding to the Local Rent Administrator for a hearing upon the statutory issue of petitioner's necessity to occupy the apartment for his own use. Order reversed, on the law, without costs; proceeding dismissed on the merits; and determination confirmed. In our opinion there was a rational basis in the record for the Commissioner's finding that petitioner was not acting in good faith. It was error to hold, as a matter of law, that one co-owner could not be charged with the lack of good faith of other co-owners on this record, where the tenant had made "an avalanche of complaints", where the co-owners are related by blood or marriage, and where the application was filed only 11 days after petitioner received his interest in the premises. Furthermore, there is a rational basis by which the Commissioner could have inferred lack of good faith on petitioner's part as a fact. Special Term ought not have substituted its judgment for that of the Commissioner (*Matter of Rolinski* v. *Altman*, 37 A D 2d 779; *Matter of Ehrenfreund* v. *Berman*, 35 A D 2d 569). There is no need for a remand on the issue of petitioner's compelling necessity to occupy the apartment for his own use since the statute also requires that petitioner act in good faith (Emergency Housing Rent Control Law, § 5, subd. 2, par. [a]; L. 1946, ch. 274, as amd.). We note that had a remand been required it should have been to the Commissioner and not to the Local Rent Administrator (Emergency Housing Rent Control Law, § 9, subd. 1; L. 1946, ch. 274, as amd.). Finally, we note that this appeal is taken as of right at the election of the Commissioner notwithstanding CPLR 5701 (subd. [b], par. 1) by virtue of subdivision 2 of section 9 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd.) and CPLR 101. Munder, Acting P. J., Gulotta, Brennan and Benjamin, JJ., concur; Latham, J., dissents and votes to affirm.